**Opinion issued November 1, 2012**



In The

# Court of Appeals

For The

# First District of Texas

—————————

## NO. 01-12-00589-CR

—————————

**MICHAEL MCCARTNEY Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1343117**

---

## MEMORANDUM OPINION

Appellant, Michael McCartney, pleaded guilty to the offense of aggravated assault with a deadly weapon. The trial court found appellant guilty and, in accordance with the terms of appellant's plea agreement with the State, sentenced

appellant to confinement for 2 years. The trial court entered an affirmative finding on the use of a deadly weapon, namely, a machete. Appellant filed a pro se notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

The trial court's certification states that this is a plea bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). The trial court did not rule on any pre-trial motions, and the trial court did not give permission for appellant to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).